Good morning and may it please the court. My name is Meredith Esser and I'm appearing on behalf of Dominic Pacheco-Donelson. In the case below, the district court made no findings, particularized or otherwise, as to why the special condition restricting Mr. Pacheco-Donelson's ability to associate with gang members was not met. That's not a relative. For starters. A foster brother is not a relative. The language of the special condition is standard. It's standard. You don't hang around with gang members, drug dealers, convicted felons. They're all convicted felons. And I don't see that because you were for a few years in a foster home, that that makes you a relative of some other person you happen to come in contact with in that same foster home. Well, I'd like to back up for just a moment and just clarify that the restriction against association with gang members is a special condition. It's not a standard condition. Well, it's a special standard condition, at least in the district where I'm from it is. It's a condition that's not imposed in every case, so it's a special condition that the district court would have to specifically impose in this case. He was a gang member, correct? Yes. He was a member of the Crips. Had been since he was 10 years old. Yes. And that was undisputed by any party. Okay. And Crips sell drugs. Sometimes. Beat people up. Shoot them sometimes. Sure. And you don't want a person on supervised release running around with those folks. That's a fair comment, I think. I think the issue, though, is that the district court didn't make any findings related to specifically these individuals. And this court's case law says that if a condition implicates or touches on a liberty interest, a condition must be supported by... But where do you get a liberty interest on a foster home situation? I think, well, the government cited in its 28J letter a case in which a liberty interest was implicated in a foster parent relationship. So the parents, right. The government also cited in its brief a case in which a sibling relationship was protected by a fundamental liberty interest. A true sibling relationship. Correct. And so I think the implication is that in some circumstances, a foster sibling relationship would also be protected. And that it touches on a liberty interest, which is what this court has said requires... I understand your argument. Well, okay. I want to clarify, because you're in plain error world here on your argument, because you didn't make an argument about a lack of particularized findings in the district court. So plain error applies. And how can it be plain if we've never extended the law about the familial relationship requiring the higher specificity? We've never extended that to a foster child situation. So how do you even have an error, much less plain error? Sure. I mean, I think this court's precedent, including most recently in Salas, which was the 924C case that came out just a few weeks ago, which neither party cited, but I'm happy to file a 28J letter. This court has said that if an error is implicit in the precedence, then that is a plain error. And I think that's a pretty strong... That's a big stretch to say that somebody that lived in a foster home for a couple of years, that's not an implicit familial association that would be protected, I would think. I mean, I think that based on the fact that a foster parent relationship can be protected in certain circumstances, a sibling relationship can be protected in certain circumstances, the fact that this has never come up before doesn't mean that it's not plain error to say that this is never, you know, never touches on a liberty interest. And I think the other point that I would make is, you know, in the Mike case, I think it is, this court just says that a condition that, I keep using this phrase, touches on a liberty interest because I think it's significant. There's no... The way that I read the cases is that it's kind of a sliding scale. It's not, oh, a liberty interest is definitely triggered in this case, but it's definitely not triggered in this case. You have to look at whether there is some liberty interest that's touched upon, and perhaps the stronger liberty interest requires more particularized findings, and a lesser liberty interest may require fewer findings. But I would go back to my first argument, which is that there are no findings in this case. So really, I have, you know, there are two arguments. First, the district court made no findings. It's required to make at least some findings whenever there's a special condition of supervised release. And in the alternative, because this does touch on a liberty interest, the court had a higher burden and had to justify the condition with compelling circumstances. Can I ask you a question? And I want to follow up on part of Judge Kelly's earlier question. Were the two Foster brothers, did they have felony convictions? Yes, and that was undisputed. Okay. Now, you were careful, and I will tell you I agree with the differentiation that you made between the technically standard conditions and special conditions. And I don't have the supervised release conditions in front of me, but there is a standard condition that nobody has talked about in this case, saying that the defendant cannot associate with felons. And you have not challenged that. You've not challenged that here. You didn't challenge that in district court. And the only qualification to that provision is that you cannot associate with felons in the absence of permission from the probation office. And so I wonder if, frankly, if all of the procedural reasonableness and the substantive reasonableness challenges are at least prudentially moot, because if we agree with everything you said on the gang condition, he's still stuck with that standard condition that you've never challenged here in district court, that you can't associate with felons, and these two foster brothers are felons. Well, I would say that the district court would still have been required to make findings, assuming that there's a familial relationship. Well, typically we don't, typically we don't, you know, at the stage of oral argument, say, okay, well, nobody's ever challenged this one condition in district court or here, but we're going to sua sponte, or because somebody said something in an oral argument, address the validity of a supervised release condition that nobody has ever challenged. I mean, it, maybe it's unfortunate, but I just wonder why this case is not at least prudentially moot. I mean, I think that, I understand your concern, but I think that the district court still had to make particularized findings as related to the liberty interest in this case. And I would point this court's attention to the, I think it was Latonda, which was cited in the government's brief, where the defendant did challenge a condition restricting, under the felon standard condition, restricting ability to contact his brothers. But in that case, the brothers were involved in the underlying charge, and there was a lot more evidence that they were running around together committing crimes and that sort of thing. And the other salient fact in that case was that there was, the probation office was basically allowed to let these brothers associate in certain circumstances if she or he thought it was appropriate. And we also said a couple of years ago in U.S. v. Munoz that keeping a defendant away from, in the supervised release context, keeping the defendant away from felons is a sensible way to reduce recidivism. And so why isn't it a reasonable way to prevent a relapse into criminality if the defendant has stipulated that he's been a member of the Hoover Crips gang since the age of 10, and he stipulated that these other two members, maybe they're not in the Hoover Crips, maybe they're in the Bloods, but why isn't that at least a condition that is tailored to preventing a relapse into criminality if everybody is admittedly a gang member and we already have a published precedent saying that that's a sensible way to reduce recidivism? Well, if I recall correctly, in the Munoz case, the defendant didn't specifically identify any individuals that he wanted to associate with, and so the court wasn't faced with this issue of having to decide whether particular people, whether he had an interest in associating with particular people. The challenge was kind of a general challenge, and he said, well, I might have friends, I might have relatives that fall under this exception. And here we have a very different circumstance, which is Mr. Pacheco Donaldson has identified specific people that he would like to associate with. He has, you know, he has very few family, and this is another point that goes kind of to the heightened liberty interest, right? So in the case that the government cited in its 28J letter, it appears that this liberty interest is a very subjective and fact-intensive, fact-specific inquiry. Can we, in evaluating that fact-intensive inquiry, should we get into the content of the pre-sentence report, at least on the substantive reasonableness challenge? That is evidence, actually. Sure, yeah. So what about paragraph 46 of the PSR, where the probation officer says that Ms. Donaldson was the mother of all of these six boys, and except for the one young man that died, every single one of them are serving lengthy prison terms, and she's given up on all of them because their foster mother has said that they're all, she didn't use the word hoodlums, but that's the gist of it. They're hoodlums. And she's given up on them. And so then you come into court and say, well, there's no evidence that would, under 3583D, that would tailor this gang condition to these other two admitted gang members. Well, when their own foster mother has said they're all serving lengthy prison terms, why isn't that a reason? And, I don't want to make the question too long, but in the probation officer, in his or her recommendation, specifically said under 3583D, he or she is recommending this particular condition, and that that satisfies 3583D. It seems like a hard argument to say that it's not narrowly tailored. Those materials in the PSR, I understand that none of it's been cited by the government, but if we are to evaluate the PSR, I'm worried about that. Well, I guess I would just go back to the issue of, you know, he doesn't have anyone in his life aside from these brothers. And so, you know, in that circumstance, I do think that he would have a heightened liberty interest in associating with them, because he's the only, they're really the only family that he has. When will they get out of prison, do you know? I'm sorry? When will the brothers get out of prison? I don't know. So is this really a live issue at this point? I think that it is, because, I mean, they could exchange. He can associate with them in prison. Well, and I think that could even cut the other way, because they could potentially exchange letters, how are you, what have you been up to, you know, just very benign things, you know. They might not want to respond to that. I just think that the, and the other issue that I would touch on is to distinguish and to sort of address your mootness question, which is here there's a blanket ban. There's a blanket ban on contact. And so I think that, you know, that the issue is that there were no findings, there were no exceptions made. There was nothing that said, okay, you can exchange letters, but you can't meet with them in person. There were no findings, and there was a complete blanket ban on contact, which I do think addresses the mootness issue, because in the felon restriction, there's generally an exception that with the consent of the probation office, folks can associate with felon family members. I'd like to reserve the remainder of my time. Okay. I'm sorry to do this. Sure. And stop the clock, because I don't want her to be penalized because of me. Okay. Would you consent, and you can take a pass on this question too, but would you consent if the district court were to modify the condition on supervisor release to say that the defendant can associate during supervisor release with these two foster brothers if the probation officer approves of it? I mean, I think that that's something that I would probably want to discuss with the client, honestly, but I think that that would be a good result if the case was remanded and the district court made that exception. I think that's the way that I would have to answer that question. Good morning, Your Honors. Michael Johnson for the United States. Two points I'd like to make. First, there was no plain error here by the district court in failing to make particularized findings regarding the request for an exception to the special condition of supervisor release to allow the appellant to associate with gang members who are allegedly former foster siblings. And secondly, because there was no requirement to make particularized findings, the district court's obligation was only to make generalized, to set forth generalized reasons, and the district court did that here. How? How did that happen? Page 18 of Volume 3 of the transcript, and the transcript is very short. The revocation hearing transcript is short. The district court is presented with the request that the appellant be allowed to associate with two individuals, Andre Donaldson and also Vincent Ares. Now, their names appear in the transcript at page 18 of Volume 3, where this request is made that the appellant be allowed to associate with them, but their names appear nowhere else in the transcript. There's no evidence at all regarding either individual. There's no evidence regarding the appellant's relationship with them, where they lived, if he lived at the same foster home at the same time, how long they lived together, if, in fact, they lived together at any time at all. There's no mention of them at all in the record, Volumes 1 through 3, except for this one reference at page 18 on Volume 3. Well, there's also paragraph 46 of the PSR that says that Ms. Donaldson adopted. I don't know why this isn't an issue, but because the issue as presented to us is based on the foster sibling relationship. But paragraph 46 of the PSR says that Ms. Donaldson adopted all six of these boys. And so they seem to be adoptive brothers to me, based on what the PSR says. I read paragraph 46, Your Honor. I don't believe that Vincent Ares or Andre Donaldson are named in paragraph 46. Well, they're one of the six boys that was living with Laverne Donaldson, right? There's nothing in the record that I'm aware of, and I checked carefully, where their names are identified, Vincent Ares or Andre Donaldson. I didn't see that in paragraph 46. If it's in there, I apologize. Well, it says the defendant was in the foster care system between the ages of 10 and 14. Ms. Donaldson decided that she would adopt him, meaning the defendant, along with some other boys his age. She adopted six boys total, and they added her name to all the boys' names. The defendant became close with all of them. I mean, I read that to mean that she adopted all the boys. She may have adopted six boys, but there's nothing in the record showing that Vincent Ares was one of them or that Andre Donaldson was one of them. There's simply nothing at all. And the record does also indicate that the appellant has lived in three different foster homes during his youth, and he lived with four separate families, and he also lived in other juvenile detention facilities. So he has lived with a number of people during his youth. But again, I combed the record, and I was not aware that either Andre Donaldson or Vincent Ares was mentioned at all. So there's no evidence that was presented to the district court suggesting that there was a foster sibling relationship between the appellant and these two individuals. So the district court was not on notice that it needed to make particularized findings. So on the plain error test, there was no plain error here in the district court's failure to make particularized findings. There was no error because the court wasn't presented with evidence showing that there was such a relationship and that it was required to make findings. Even if there was error, it was not plain because there's nothing in the case law that the government's aware of suggesting that particularized findings are always required with respect to foster sibling relationships. And then on the third and fourth prongs, we submit that those prongs are also not met, that the record suggests that even if counsel had objected to the lack of particularized findings, that the district court would not have softened the restriction on no association with gang members. So we submit the plain error test hasn't been met. So if there was no requirement for particularized findings, then the district court's obligation was only to set forth generalized reasons. And this is established in this court's case law in United States v. Hahn and also in United States v. Martinez-Torres. And here, the district court did set forth generalized reasons. And this is page 18 of volume 3 of the transcript. The request is made at the end of the hearing, and the court says, as for association with relatives, what say you, Ms. Garcia? Ms. Garcia was the probation officer, and she said, Your Honor, I have some concern because there are no gang members. And the district court then responded, well, that's all I need to hear. The term is that he not associate knowingly with gang members. So if that includes relatives, and relatives, I think, was used loosely by the district court in this instance, then so be it, cannot do it. In Hahn, this court looked at three reasons set forth by the district court in determining that the district court had set forth generalized reasons. The district court in Hahn looked at the history and characteristics of the defendant. It looked at the fact that the defendant had committed sex crime immediately after the conclusion of the case. And then the third factor the district court looked at was whether or not the probation officer had recommended this special condition. And the district court in Hahn looked at those three and found that the history and characteristics, this crime committed after the case was concluded, and the probation officer's recommendation that this special condition be imposed, those were sufficient. This court found that they were sufficient to demonstrate that the district court had set forth generalized reasons. And the district court here set forth those same kinds of generalized reasons. Here the district court looked at the appellant's history and characteristics. This is volume three of the record at pages 14 to 17. The district court also here looked at the appellant's extensive gang activity. The district court knew him because the district court had just sentenced him less than a year earlier for the underlying crime, obsession of ammo and a gun by a felon. And the district court knew of his extensive gang history. And also here, as in Hahn, the district court asked the probation office what the probation officer's view was regarding the request for an exception. And here the probation office, as in Hahn, also recommended against allowing an exception to the special condition. So the factors are met. The Hahn factors are met. And so we submit that the district court here did set forth generalized reasons as it was required to do. Judge Bachrach, as to your point regarding prudential mootness, I would have raised that point if I had known, but I didn't see it in the record. I didn't, because there wasn't, there wasn't anything. It had been felons, but she's admitted it. Right. I hadn't seen that in the record or I would have raised that argument. If the court has any questions, I'd be happy to answer them. Well, I have one. Hypothetically, what if we abated this appeal for 10 days and retained jurisdiction, but remanded and retained our jurisdiction say for 10 or 15 days. And you were to go into district court and move for modification of this condition to say that the gang condition should be modified to allow the defendant to associate with these two foster brothers if the probation officer approves it. If the defendant were to consult with her client to approve it. Obviously, Judge Jackson is, we know for the record, is heavily influenced by what the probation officer determines. What about that? That motion for modification is always available, and the government is willing to consider that motion. But we submit it done. Actually, and I want to tell you, I'm not asking you to do it. I'm not asking the defendant to do it. I'm just wondering if that's a sensible way for you all to resolve this. I mean, obviously, we're going to make decisions and we're going to make a decision. But I just wonder if that would be a practical solution to this. It does appear to be a practical solution. Well, couldn't that modification be made at such time as somebody is paroled? Exactly right, Your Honor. If, in fact, these two individuals are now in prison, the Bureau of Prisons would limit some contact among prisoners, because the appellant, we believe right now, is also presently incarcerated. But again, we wouldn't have an objection to the Court's suggestion. But as the Court knows, these motions for modification are always available. So at any time, the appellant can make such a motion to the district court requesting modification of his special condition. Thank you. Thank you. Just two quick points. As to the government's argument that there were generalized reasons, I think that the record reflects that there really weren't. I mean, the district court didn't really add anything to the analysis in terms of what defense counsel had already stated and what the probation office had already stated. The district court says if the term is that he not associate knowingly with gang members, and if that includes, sorry, the term is that he not associate knowingly with gang members, and if that includes relatives, so be it. I don't think that that meets this Court's standard for even generalized reasons. Well, how far do you think the Court should be required to go? I think the Court should have tied that statement somehow to the purposes of sentencing in 3553A. And the other issue that I would like to... Well, should it have been pointed out to the Court by the defense attorney? Should what have been? The fact that we needed to explore this further. Well, I think in terms of having particularized findings, yes. But in terms of generalized findings, no. There was an objection, and the district court was on notice of its duty to respond to the objection. What was the objection? The defense counsel's objection was, may I... On the spot, but not to the lack of generalized findings. There was no objection. There was no objection to the lack of findings. But the objection that I'm speaking of is the request that he be allowed to associate with his foster brothers. Right. But you're making a procedural objection now. So I think it's twofold. The objection, there was the objection, which is, I want this person to be able to associate with his foster brothers. Right. And once that's triggered, because it's a special condition, the district court always has to make generalized findings. Okay. And then if there's a heightened liberty interest, then there should have been a renewed objection, which there wasn't, as to particularized findings. So it kind of depends on which universe you're in, if you're in the universe of heightened liberty interest or if you're in the universe of just special condition. There's one word that I think is important in the transcript, which is that the district court says, the term is that he not associate knowingly with gang members, and if that includes relatives, so be it. And that is actually kind of problematic, because he essentially makes this ruling that he can't, that Mr. Pacheco Donaldson can't associate with any of his relatives, even though in the context of this hearing, it was clear that they were speaking of these two brothers. Actually, what the district court says is that he can't associate with any relatives, and the district court's ruling didn't really seem to hinge on whether or not this foster relationship was implicated. So, I mean, I think that's concerning to me as well, and I see that I'm out of time. Thank you. Thank you very much. Both sides did a very good job in your briefing and your argument today, and this matter will be taken under advisement. We'll take recess for ten minutes.